IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPEAT PRECISION, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> G&H DIVERSIFIED MFG., LP, and § <br> YELLOW JACKET OIL TOOLS, LLC, § <br> § <br> Defendants. § <br> § | Civil Action No. 6:21-cv-00125 |

**PLAINTIFF REPEAT PRECISION'S ORIGINAL
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Repeat Precision, LLC ("Repeat Precision") files this complaint for patent infringement against Defendants G&H Diversified Manufacturing, LP ("G&H") and Yellow Jacket Oil Tools, LLC ("YJOT") (together, "Defendants"). Repeat Precision alleges infringement of United States Patent No. 10,844,678 B2 (the "'678 Patent") as follows:

**PARTIES**

1. Repeat Precision is a Texas limited liability company with a principal place of business at 130 Northridge Road, Marble Falls, Texas 78654.

2. G&H is a Texas limited partnership with a principal place of business at 11927 Tanner Road, Houston, Texas 77041. G&H can be served with process by serving its registered agent, Edward C. Kash, at 11660 Brittmoore Park Drive, Houston, Texas 77041.

3. YJOT is a Texas limited liability company with a principal place of business at 11927 Tanner Road, Houston, Texas 77041. YJOT is a subsidiary/division of G&H. YJOT may be served with process by serving its registered agent, W. Matthew Carver, at 11927 Tanner Road, Houston, Texas 77041.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they actively and regularly conduct business within the State of Texas and the Western District of Texas (the "District"), including from a warehouse maintained within the District at 4608 S. County Road, Unit #1310, Odessa, Texas 79765. Moreover, each of Defendants, either directly or indirectly, has committed acts within the District giving rise to this action and/or has established minimum contacts with the District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Defendants have committed acts of infringement of the '678 Patent within this District by making, using, selling, and/or offering for sale in, and/or importing into, this District products protected by the '678 Patent. Defendants have also placed, and are continuing to place, infringing products into the stream of commerce via an established distribution channel with the knowledge and/or understanding that they are sold in the State of Texas, including this District.

7. On information and belief, Defendants have derived substantial revenues from their infringing acts in this District, including from their manufacturing and sale of infringing products.

## VENUE

8. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1400(b) because they have committed acts of infringement in the District and have a regular and established place of business in the District. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017); *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017). In particular,

on information and belief, Defendants maintain a warehouse and place of business at 4608 S. County Road, Unit #1310, Odessa, Texas 79765, depicted below:



*4608 S County Rd 1310*, Google Maps, https://goo.gl/maps/zn1t5bzNY2Bf8W6X6 (last visited Feb. 5, 2021).

9. According to Defendants' website, which is copyrighted to "Yellow Jacket Oil Tools, [a] division of G&H Diversified Manufacturing," at least one member of Defendants' team works as the "Regional Service Manager – Odessa" for this location. *Meet the Experts Behind Yellow Jacket Oil Tools*, Yellow Jacket Oil Tools, https://www.yjoiltools.com/team (last visited Feb. 5, 2021); *see also Chris Lozoya*, LinkedIn, https://www.linkedin.com/in/chris-lozoya-44b40a13b/ (last visited Feb. 5, 2021).

10. In promotional materials for their products, Defendants explain that "[m]any deliveries are made through Regional Distribution Warehouses strategically located in each major oil producing region," including its warehouse in Odessa:

3

below








*M1 Frac Plug*, Yellow Jacket Oil Tools, https://www.m1fracplug.com/images/m1-frac-plug.pdf (last visited Feb. 5, 2021) (emphasis added); *Ultra Compact Setting Tool*, Yellow Jacket Oil Tools, https://www.yjoiltools.com/files/brochures/YJOT_Ultra%20Compact%20Setting%20Tool.pdf (last visited Feb. 5, 2021); *see also Contact a Specialist*, M1 Frac Plugs, https://www.m1fracplug.com/contact (last visited Feb. 5, 2021) ("Major U.S. plays [sic] are served by Yellow Jacket Oil Tools warehouses as listed below. . . . Odessa, TX Warehouse").

11.     Additionally, venue is proper in the District under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of Defendants' infringing activities giving rise to the claims herein occurred in the District.

## UNITED STATES PATENT NO. 10,844,678 B2

12. On November 24, 2020, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 10,844,678 B2, entitled "Setting Tools and Assemblies for Setting a Downhole Isolation Device Such as a Frac Plug." A true and correct copy of the '678 Patent is attached as Exhibit A.

13. The '678 Patent claims patent-eligible subject matter and is valid and enforceable.

14. The '678 Patent's named inventors are Repeat Precision employees and affiliates Clint Mickey, Gary Howard Martin, and William Grant Martin.

15. Clint Mickey, Gary Howard Martin, and William Grant Martin conveyed to Repeat Precision all rights, title, and interest in and to the invention of the '678 Patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded with the PTO. Repeat Precision is thus the exclusive owner by assignment of all rights, title, and interest in the '678 Patent, including the right to sue for injunctive relief and the right to sue and recover for all past, present, and future damages for infringement of the '678 Patent.

16. Defendants are on notice of the '678 Patent.

## FACTUAL ALLEGATIONS

A.  **Repeat Precision's Technology**

17. Repeat Precision was formed in 2017 to, among other things, manufacture and sell frac plugs. Frac plugs are used during the completion of oil and gas wells to isolate specific zones within the well, particularly when the operator is perforating various zones. It is common for there to be multiple completion zones within a well, with horizontal wells having many more zones than vertical wells. A frac plug is used to enable the operator to focus on a particular zone for completion without adversely impacting the work that has already been performed further down the well (*i.e.*, towards its "toe" or bottom hole location) by sealing off the lower sections.

18. Subsequent to its formation, Repeat Precision entered into the setting-tool business—manufacturing and selling the tools used to set frac plugs in the desired location within a well. To set the plug, it is attached to a setting tool before being inserted into the well. The bottom-hole assembly (*i.e.*, the setting tool and frac plug) usually includes additional equipment, such as a wireline adapter kit, perforation guns, and logging tools that are used to shoot holes into the well casing and surrounding structure to enable sand and water to be injected into the reservoir and hydrocarbons to subsequently flow into the well.

19. In particular, Repeat Precision sells setting tools often referred to as "disposable setting tools," as compared to the alternative referred to as "conventional setting tools." Conventional setting tools are large, heavy, and expensive tools made to be taken apart and used multiple times to set frac plugs. Each use requires complete disassembly, cleaning, and reassembly, wasting time and creating great room for error.

20. To address these inefficiencies and safety risks, Repeat Precision licensed and developed disposable setting tool technology. Repeat Precision's setting tools perform the same function as conventional setting tools—*i.e.*, setting frac plugs in place to isolate zones in a well—but are shorter, lighter, and less expensive than conventional setting tools. Additionally, Repeat Precision's setting tools are assembled in a factory, minimizing the risk of error because the tool does not need to be assembled, cleaned, and reassembled in the field. Eliminating this assembly process also saves significant labor costs.

21. To reward Repeat Precision's efforts, the PTO awarded Repeat Precision with the '678 Patent, which covers a frac plug setting assembly used to set a frac plug using a setting tool. Repeat Precision actively continues to invest in and develop its setting tool technology as a means to set downhole isolation devices, including its own frac plug.

22. Claim 33 of the '678 Patent recites:

33. A frac plug setting assembly, comprising:

    a setting tool, comprising:

        a mandrel having an upper end and a lower end, and a chamber configured for housing pressurized gas that is generated and fills the chamber;

        a barrel piston having a central bore configured for housing the mandrel, a lower end of the barrel piston being coupled to a setting sleeve for setting a frac plug; wherein the pressurized gas exerts force to cause a stroke of the barrel piston over the mandrel;

    an adapter kit, comprising:

        the setting sleeve having an upper part coupled to the lower end of the barrel piston, and a lower part;

        a shear component having an upper portion secured to the lower end of the mandrel, and a lower portion housed within part of the setting sleeve;

    a frac plug, comprising:

        a plug mandrel removably mounted to the lower portion of the shear component; and

        a load member arranged in relation to the lower part of the setting sleeve, such that when the barrel strokes over the mandrel the setting sleeve engages the load member while the shear component disengages from the plug mandrel in order to set the frac plug;

    wherein the setting tool, the adapter kit and the frac plug are constructed as a pre-assembled unit for transport to and deployment down a wellbore; and wherein the setting tool and the adapter kit are configured to remain coupled as a connected unit after the frac plug is set and the shear component has disengaged from the plug mandrel, such that the connected unit is removable from the wellbore.

**B.    G&H and YJOT**

23. On information and belief, G&H (then by a different name) was originally founded in 1958 in Houston, Texas by two former Schlumberger employees, Lloyd Garnet and Kenny Houp. In 1983, Edward and Janan Kash purchased G&H and changed its name to its current name.

7

24.     G&H grew as a player in the oil and gas industry and, in 2011, launched its Yellow Jacket rust-free perforating gun under the trade name "Yellow Jacket Oil Tools." A few years later, in 2015, YJOT (then by a different name) was formed as a Texas LLC to develop and sell the Yellow Jacket Oil Tools line for G&H. In 2019, YJOT changed its name to its current name. G&H is YJOT's managing and sole member.

**C.    YJOT's Infringing Products**

25.     Defendants manufacture and sell the M1+ plug and setting tool package ("M1+"), which is a pre-assembled package designed to set a frac plug in a well by using a setting tool. Specifically, the M1+ comprises a setting tool, an adapter kit, and a frac plug. Defendants sell the M1+ to third parties who deploy the package to set frac plugs in wells.

26.     The M1+'s setting tool includes a mandrel and a barrel piston. The mandrel has an upper and lower end and includes a chamber configured to house pressurized gas that is generated and fills the chamber, and ultimately causes the tool to stroke and set the plug. The barrel piston has a central bore configured for housing the mandrel and a lower end that is coupled to a setting sleeve for setting the plug. The mandrel and the barrel piston are configured to enable the pressurized gas to exert force and cause a stroke of the barrel piston over the mandrel.

27.     The M1+'s adapter kit includes the setting sleeve, which has an upper part that connects to the lower end of the barrel piston and a lower part, and a shear component or "cap," which has an upper portion secured to the lower end of the mandrel and a lower portion housed within part of the setting sleeve.

28.     The M1+'s frac plug includes a plug mandrel removably mounted to the lower part of the shear cap and a load member that is arranged in a spaced relation with respect to the lower part of the setting sleeve, such that when the barrel strokes over the mandrel, the setting sleeve engages the load member while the shear cap disengages from the plug mandrel to set the frac plug.

29. The following diagram, labeled as Figure 1, depicts each component of the M1+:



**Figure 1**

*Full Specs*, M1 Frac Plugs, https://www.m1fracplug.com/full-specs (last visited Feb. 5, 2021) (annotations and emphasis added).

30. The M1+ is pre-assembled with the setting tool, adapter kit, and frac plug to provide a complete unit that is ready, as advertised in Figure 1, to "plug and play." Defendants ship the M1+ to the field, and it is then deployed down a wellbore.

31. The below image was posted by an employee of Defendants to a social media site and depicts a stack of manufactured, pre-assembled, and ready-for-distribution M1+ products.



32. Once in the field, the M1+ is operated such that the barrel strokes over the mandrel and causes the setting sleeve to engage the load member of the frac plug, while the shear cap disengages from the plug mandrel, thereby setting the plug in the well. After the plug is set, the setting tool and adapter kit from the M1+ are removed from the well as a connected unit.

## COUNT 1
(Defendants' infringement of the '678 Patent)

33. Repeat Precision repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

34. On November 24, 2020, the PTO duly and legally issued the '678 Patent, entitled "Setting Tools and Assembles for Setting a Downhole Isolation Device Such as a Frac Plug."

35. Repeat Precision is the owner by assignment of the '678 Patent and holds all substantial rights in it, including the sole and exclusive right to sue and recover for infringement.

36. On information and belief, Defendants have stored and distributed the M1+, including from their warehouse in Odessa, Texas.

37. As described above, Defendants have directly infringed and continue to directly infringe one or more claims, including at least claim 33, of the '678 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the M1+ within the United States, in violation of 35 U.S.C. § 271(a).

38. On information and belief, Defendants have made and are continuing to make unlawful gains and profits from their infringement of the '678 Patent.

39. Defendants likewise have induced infringement of the '678 Patent in violation of 35 U.S.C. § 271(b). Defendants actively encouraged their customers, by and through Defendants' sales and marketing efforts and staff, to directly infringe the '678 Patent by using the M1+.

40. Defendants' sales personnel and technical marketing staff interface with their customers and potential customers to purchase and use the M1+ that infringes the '678 Patent. Defendants' staff tout the technological and economic benefits of the M1+ and actively encourage use of the M1+ in customers' wells. Defendants have known that their customers' acts constituted direct infringement of at least one claim of the '678 Patent since at least the date of service of this

complaint. As a result of Defendants' active encouragement and intentional inducement, Defendants' customers have committed acts directly infringing the '678 Patent.

41. In addition to the foregoing and/or in the alternative, Defendants are liable as contributory infringers of the '678 Patent under 35 U.S.C. § 271(c). Defendants have offered to sell and/or sold within the United States the M1+.

42. For example, the M1+ was offered for sale, sold, and/or marketed by and through Defendants' sales personnel and marketing efforts and staff, including through social media:



*Yellow Jacket Oil Tools*, LinkedIn, https://www.linkedin.com/posts/yellow-jacket_m1-settingtools-wirelineadapterkits-activity-6610249923675910144-Hv-k/ (last visited Feb. 5, 2021); *see also Josh Magill*, LinkedIn, https://www.linkedin.com/in/josh-magill-53ba501/ (last visited Feb. 5, 2021) (listing current employment as "Product Champion" of the "M1+ Plug & Setting Tool Package," among other "Unconventional Completions" products, for "Yellow Jacket Oil Tools").

43. Such efforts resulted in the infringing product being used. On information and belief, Defendants' customers do not manufacture the M1+ on their own, but contract with Defendants to

purchase the M1+. Defendants have known the M1+ to be infringing the '678 Patent since at least the date of service of this complaint. The M1+ is not a staple article or a commodity of commerce suitable for substantial noninfringing use because it cannot be used without infringing the '678 Patent. Thus, Defendants are liable as contributory infringers.

44. Defendants' infringement has damaged Repeat Precision, which is entitled to recover from Defendants the damages it has sustained as a result of their wrongful acts in an amount subject to proof at trial, including in the form of lost profits but in no event less than a reasonable royalty for their use made of the invention, together with interests and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Repeat Precision prays for judgment against Defendants as follows:

45. that the Court declare Defendants to have infringed, either directly or indirectly, one or more of the claims of the '678 Patent;

46. that the Court issue a permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '678 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

47. that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by Repeat Precision, in the form of lost profits but in no event less than a reasonable royalty, as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to Repeat Precision, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. §§ 154(d) and 284;

48. that the Court declare this an exceptional case and order Defendants to pay Repeat Precision its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

49. that the Court award such further and other relief to Repeat Precision as the Court deems just, together with its costs and disbursements in this action.

Dated: February 5, 2021                     Respectfully submitted,

                                            By: */s/ J. Hoke Peacock III*
                                                J. Hoke ("Trey") Peacock III
                                                Texas Bar No. 15679380
                                                tpeacock@susmangodfrey.com
                                                Shawn L. Raymond
                                                Texas Bar No. 24009236
                                                sraymond@susmangodfrey.com
                                                Shawn Blackburn (*pro hac vice*)
                                                Texas Bar No. 24089989
                                                sblackburn@susmangodfrey.com
                                                Krisina J. Zuñiga
                                                Texas Bar No. 24098664
                                                kzuniga@susmangodfrey.com
                                                **SUSMAN GODFREY L.L.P.**
                                                1000 Louisiana Street, Suite 5100
                                                Houston, TX 77002-5096
                                                Telephone: (713) 651-9366
                                                Facsimile: (713) 654-6666

                                            **ATTORNEYS FOR REPEAT PRECISION**